IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Stacie Chism, <br><br> Plaintiff, <br> v. <br><br> ITT Educational Services, Inc. d/b/a ITT Technical Institute, <br><br> Defendant. | Civil Action No.: 2:14-cv-13574 <br><br><br><br> **DEMAND FOR JURY TRIAL** |

### COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Stacie Chism, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Stacie Chism ("Plaintiff"), is an adult individual residing in Detroit, Michigan, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant ITT Educational Services, Inc. d/b/a ITT Technical Institute ("ITT Tech") is an Indiana business entity with an address of 13000 North Meridian Street, Carmel, Indiana 46032, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

5. In or around May 2014, ITT Tech started calling Plaintiff's cellular telephone in an attempt to solicit its products and services to the Plaintiff.

6. At all times mentioned herein, ITT Tech called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer").

7. When Plaintiff answered the ATDS calls, she experienced a brief period of silence only after which an ITT Tech live representative came on the line.

8. Upon information and belief, ITT Tech obtains telephone numbers belonging to consumers who search the Internet to obtain information regarding employment and or higher education.

9. Plaintiff has no prior business relationship with ITT Tech and never provided her consent to ITT Tech to be contacted by means of an automated system.

10. Plaintiff answered a call from ITT Tech and stated she was not interested in their services as she was already enrolled in school and requested ITT Tech to stop calling her cellular telephone.

11. Despite Plaintiff's request to stop ATDS calls to her cellular telephone, ITT Tech continued to call.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last year, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer.

14.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

15.     Defendant's telephone systems have all the earmarks of a predictive dialer. Oftentimes when Defendant called Plaintiff, she was met with a period of silence before Defendant's telephone system would connect her to a live person.

16.     Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17.     Plaintiff did not provide and/or revoked her consent to be contacted on her cellular telephone.

18.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20.     Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

21.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 15, 2014

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Stacie Chism
LEMBERG LAW, L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com